SHAW, Judge,
concurring specially.
I concur; however, I write specially to address the dissent. It is well settled that in order to preserve an issue for appellate review, one must generally object before an answer is given. See the cases cited in Alabama Digest Criminal Law Key Number 1036.1(2); see also C. Gamble, McEl-roy’s Alabama Evidence § 426.01(3)(5th ed.1996).
At Brian Handley’s sentencing hearing, following his entry of blind guilty pleas, the following exchange occurred during Officer Mark McCormick’s testimony:
“[PROSECUTOR]: Did Mr. Handley discuss whether or not he had considered taking [the victim’s] life?
“[OFFICER McCORMICK]: Yes, sir, he did.
“[PROSECUTOR]: What did he tell you?
“[OFFICER McCORMICK]: He told me that during what happened to [the victim] she was talking and his impression was she realized she had a severe head injury and she was trying to keep herself conscious and he said that he was tired of her rattling on and had considered killing her to keep her quiet[.]
“[PROSECUTOR]: Okay. Did he say why he didn’t?
“[OFFICER McCORMICK]: He said he changed his mind.
“[PROSECUTOR]: Thank you. [Handley’s attorney] may have some questions.
“CROSS-EXAMINATION BY [HAND-LEY’S ATTORNEY]:
“[HANDLEY’S ATTORNEY]: Officer McCormick, is this the statement that you took (indicating)?
“[OFFICER McCORMICK]: Yes, sir, it is.
“[HANDLEY’S ATTORNEY]: What you just testified to doesn’t appear in the statement?
“[OFFICER McCORMICK]: No, sir.
“[HANDLEY’S ATTORNEY]: Why is that?
“[OFFICER McCORMICK]: The only explanation I can say is I just failed to put it in the statement. There is — I cannot make an excuse for myself. I just did not put that in the statement.
*1009 “[HANDLEY’S ATTORNEY]: Your Honor, I move to have that struck from the record. We were not provided through discovery and were not made aware of any oral statement he made to that effect.
“THE COURT: I’ll overrule for purposes of the sentencing hearing. Overrule.
“[HANDLEY’S ATTORNEY]: Nothing further, Your Honor.”
(R. 42-44.)
It is clear from the above-quoted portion of the record that Handley’s attorney had a copy of Handley’s written statement. Because Handley’s attorney must have been aware that there was no mention in the written statement that Handley had considered taking the victim’s life, he should have objected when Officer McCormick responded affirmatively after the State asked him, “Did Mr. Handley discuss whether or not he had considered taking [the victim’s] life?” (R. 42-43.) Instead, he waited until he took Officer McCormick on cross-examination and challenged the credibility of his testimony by soliciting a concession from the officer that he had “just failed to put it in the statement.” (R. 43.) The majority’s finding that this issue, which concerns the admissibility of the statement, has not been preserved for appellate review does not “elevate[] form over substance” 887 So.2d 1010, as the dissent contends; rather, it acknowledges that Handley was required to comply with well-established precedent.